

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
July 21, 2017 17:10

By: JAMES L. HARDIMAN 0031043

Confirmation Nbr. 1126037

SHASE HOWSE                           CV 17 883403

  vs.
                                      **Judge:** HOLLIE L. GALLAGHER
THOMAS HODOUS, ET AL.

**Pages Filed:** 13

IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| SHASE HOWSE<br>747 East 102nd Street<br>Cleveland, Ohio 44108, | )<br>)<br>)<br>) | CASE NO._____ |
| Plaintiff, | )<br>) | JUDGE_____ |
| vs. | )<br>) | **COMPLAINT** |
| THOMAS HODOUS<br>BRIAN MIDDAUGH<br>JOHN DOE<br>C/O Cleveland Police Department<br>1300 Ontario Street<br>Cleveland, Ohio 44113, | )<br>)<br>)<br>)<br>)<br>)<br>) | A DEMAND FOR JURY TRIAL<br>IS ENDORSED HEREIN |
| Individually and in Their Official<br>Capacities as Employees of the<br>City of Cleveland, Ohio, | )<br>)<br>)<br>) | |
| and | )<br>) | |
| CITY OF CLEVELAND, OHIO<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**INTRODUCTION AND PRELIMINARY STATEMENT**

1.   This civil rights action challenges the unlawful detention, search, seizure, assault, battery, arrest and prosecution of Plaintiff–Shase Howse by members of the Cleveland Division of Police on July 28, 2016.  Plaintiff, Shase Howse resides at 747 East 102nd Street in the City of Cleveland, Ohio and, all times relevant, was not engaged in any criminal activity, posed no threat to himself or others and presented no reasonable suspicion nor probable cause to be searched, seized

or arrested by law enforcement officials. In spite of the fact that Plaintiff presented no threat to himself or others, presented any reasonable suspicion or probable cause to be searched, seized or arrested on July 28, 2016 while en route to a grocery store in his neighborhood by the most direct route possible from his residence at 747 East 102nd Street, Cleveland, Ohio Plaintiff was unlawfully stopped, searched, seized and unlawfully detained by members of the Cleveland Division of Police. The members of the Cleveland Division of Police found no contraband on Plaintiff and, after determining that he was not engaged in any criminal activity or posed a threat to society, released him without charges. Upon returning home and while standing on the porch to his residence and attempting to enter his residence at 747 East 102nd Street in the City of Cleveland, Defendants Detective Thomas Hodous, Badge #2451 ("Hodous") and Detective Brian Middaugh, Badge #2128, ("Middaugh") unlawfully accosted Plaintiff while Plaintiff was on the front porch to his property, assaulted and battered Plaintiff, unlawfully restrained Plaintiff and arrested Plaintiff, allegedly for assault and battery on a police officer. Following Plaintiff's arrest, he was incarcerated in the Cleveland City Jail and, eventually, indicted for assault on Defendant Middaugh and Defendant Hodous, pursuant to Ohio Revised Code §2903.13(A), Felonies of the Fourth Degree and Obstructing Official Business, pursuant to Ohio Revised Code §2921.31(A) a Felony of the Fifth Degree. Following Plaintiff's indictment, appearances at pre-trial conferences and negotiations with Assistant County Prosecutors representing the State of Ohio, on October 4, 2016, all charges against Plaintiff were dismissed, without prejudice.

  As a result of all of the foregoing, Plaintiff brings this civil rights and state law action to secure fair compensation and to help end the violence and mistreatment perpetrated by Cleveland Police Officers against members of the Cleveland community.

## **JURISDICTION**

2.     The action which forms the basis of the present proceeding occurred within the County of Cuyahoga and State of Ohio.

## PARTIES

3.     Plaintiff Shase Howse, is an African American male and a citizen of the United States of America, who was born on August 13, 1995 and, currently, is 22 years of age.

4 .    Defendant Hodous is a member of the Cleveland Division of Police and, all times relevant, was functioning as a law enforcement officer employed by the Cleveland Division of Police.  Defendant Hodous is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.  He is being sued individually and in his official capacity as an employee of the City of Cleveland.

5.     Defendant Middaugh is a member of the Cleveland Division of Police and, at all times relevant, was functioning as a law enforcement officer employed by the Cleveland Division of Police.  Defendant Middaugh is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.  He is being sued individually and in his official capacity as an employee of the City of Cleveland.

6.     Defendant John Doe is a member of the Cleveland Division of Police and, at all times relevant, was functioning as a law enforcement officer employed by the Cleveland Division of Police.  Defendant John Doe is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.  Defendant John Doe is being sued under the fictitious name of John Doe since his actual name is unknown.  However, Plaintiff reserves the right to amend this complaint when John Doe's actual identity becomes known.  Defendant, John Doe is being sued individually and in his official capacity as an employee of the City of Cleveland.

7.     Defendant City of Cleveland is a unit of local government organized under the laws

of the State of Ohio. Defendant City of Cleveland is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

8.     Plaintiff Shase Howse was born on August 13, 1995 and resided with his mother, Nicholasa Santori at 747 East 102nd Street, Cleveland, Ohio. Shase Howse is a high school graduate and always conducted himself in a law-abiding manner and enjoyed life.

9.     On July 28, 2016 at approximately 9:00 p.m. while walking to the store on East 102nd Street and St. Clair Avenue, Cleveland, Ohio from his residence at 747 East 102nd Street, Cleveland, Ohio without reasonable suspicion or probable cause, Shase Howse was accosted by members of the Cleveland Police Department, including Defendant John Doe, unlawfully detained, searched, assaulted and battered.

10.    Following the original unlawful detention, including the stop, search, assault and battery by the Cleveland Police, including Defendant John Doe, Shase Howse was released without being charged with any crime.

11.    Shase Howse continued to the store located on St. Clair Avenue in the City of Cleveland and, following his purchase, walked back to his home located at 747 East 102nd Street, Cleveland, Ohio.

12.    While on the porch to his home attempting to enter the front door of his home using the front-door key, Defendants Hodous and Middaugh were operating their patrol car in a generally northbound direction on East 102nd Street, Cleveland, Ohio.

13.    Although Shase Howse had committed no crime and was lawfully attempting to enter his residence, Defendants Hodous and Middaugh directed a question to Shase Howse as to whether he lived at 747 East 102nd Street.

14.    In response to the question from Defendants Hodous and Middaugh as to whether or

not Shase Howse lived at 747 East 102nd Street, Cleveland, Ohio, Shase Howse responded affirmatively indicating that he did, in fact, resided at 747 East 102nd Street, Cleveland, Ohio.

15. Although Shase Howse did, in fact, reside at 747 East 102nd Street, Cleveland, Ohio and responded truthfully that he did, in fact, reside at 747 East 102nd Street, Cleveland, Ohio, without reasonable suspicion or probable cause, Defendants Hodous and Middaugh took no action to verify Shase Howse's statement and, instead, exited their vehicle and accosted Shase Howse while he was on the porch to his home at 747 East 102nd Street, Cleveland, Ohio.

16. Defendants Houdous and Middaugh then unlawfully detained, assaulted, battered and arrested Shase Howse in spite of the fact that he was actually on the porch of his residence, had committed no crime, was not in possession of any contraband, was not in possession of any weapons, presented no threat to himself, members of the public or any law enforcement official, including Defendants Hodous and Middaugh.

17. Following the assault, battery and arrest of Shase Howse, Defendants Hodous and Middaugh prepared a false report indicating that, based on their "training and experience" they believed that Shase Howse was preparing to flee and, was actually "scanning the area for a (sic) exit route."

18. In the preparation of the report by Defendants Hodous and Middaugh they knew that there was no merit to their allegations that they believed Shase Howse was attempting to flee but prepared the report to justify their illegal detention, assault, arrest and battery of Shase Howse.

19. Various other members of the Cleveland Police, including supervisors relied on the false report that had been prepared by Defendants Hodous and Middaugh in conducting a "use of force investigation."

20. Based on the false report that had been prepared by Defendants Hodous and

Middaugh relative to their belief that Shase Howse was preparing to flee, no internal investigation was conducted by any supervisory personnel to determine the merits of the allegations by Defendants Hodous and Middaugh.

21. To make a bad situation substantially worse and in an attempt to justify the actions of Defendants Hodous and Middaugh, following the detention, assault and battery of Shase Howse as outlined above the Defendants arrested and detained him in the Cleveland City Jail for "investigation" relative to Assault and Battery on Defendant Hodous pursuant to Ohio Revised Code §2903.13(A), Felony of the Fourth Degree, Assault and Battery on Defendant Middaugh, pursuant to Ohio Revised Code §2903.13(A), Felony of the Fourth Degree and Obstructing Official Business, pursuant to Ohio Revised Code §2921.31(A), Felony of the Fifth Degree.

22. No justification existed for Shase Howse's detention and arrest and the actions of Defendants John Doe in conducting the initial detention, search, seizure, assault and battery as well as the actions of Defendants Houdous and Middaugh were in violation of Shase Howse's Ohio, federal, statutory and constitutional rights.

23. In spite of the fact that the City of Cleveland has a "use of force" policy that was intended to and should have prevented the type of unlawful detentions, searches, seizures, assaults and batteries to which Shase Howse was subjected by Defendants John Doe, Hodous and Middaugh, the use of force policy was ignored and/or circumvented to permit Defendants John Doe, Hodous and Middaugh to violate Shase Howse's Ohio, federal, statutory and constitutional rights as aforesaid.

24. Following Shase Howse's arrest and detention in the Cleveland City Jail, Defendants Hodous and Middaugh presented his case and/or assisted in the presentation of his case to a Cuyahoga Grand Jury in an attempt to gain further justification for their illegal actions in Shase

Howse's detention, search, seizure, assault and battery.

25. Based on false information, including false police reports presented to a Cuyahoga County Grand Jury by Defendants Hodous Middaugh on September 7, 2016 Shase Howse was indicted for the crimes of Assault and Battery on Defendant Hodous pursuant to Ohio Revised Code §2903.13(A), Felony of the Fourth Degree, Assault and Battery on Defendant Middaugh, pursuant to Ohio Revised Code §2903.13(A), Felony of the Fourth Degree and Obstructing Official Business, pursuant to Ohio Revised Code §2921.31(A), Felony of the Fifth Degree.

26. As a result of the indictments against Shase Howse as aforesaid, Shase Howse was obligated to be arraigned in the Cuyahoga County Court of Common Pleas, post a bond to assure his appearance and attend various pre-trial conferences in the Cuyahoga County Court of Common Pleas.

27. On or about October 4, 2016 after verifying the facts, including the fact that Shase Howse had been illegally, detained, searched, seized, assaulted and battered by members of the Cleveland Division of Police, the State of Ohio dismissed, without prejudice, all charges against Shase Howse.

28. At all times relevant to this action, Defendants John Doe, Hodous and Middaugh acted within the scope of their duties as Cleveland Police Officers.

29. At no times relevant did Defendants John Doe, Hodous and Middaugh have reasonable suspicion or probable cause to detain, search, seize, arrest, charge or participate in the indictment of Shase Howse,

30. At all times relevant to this action, Defendants John Doe, Hodous and Middaugh acted unreasonably, negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the safety and rights of Shase Howse when they confronted him while he

was acting in a lawful, non-threatening manner in walking on East 102nd Street in the City of Cleveland and, thereafter, attempting to enter his home at 747 East 102nd Street, Cleveland, Ohio.

31. Defendant City of Cleveland's policies, patterns, practices, customs and usages regarding the use of force against innocent persons was a proximate cause resulting in the detention, search, seizure, assault, battery, arrest, charge and indictment against Shase Howse and proximately caused him to suffer permanent and irreparable injury.

32. Defendant City of Cleveland failed to adequately train and supervise Defendants John Doe, Hodous and Middaugh which was a motivating factor which resulted in the detention, search, seizure, assault, battery, arrest, charge and indictment against Shase Howse and proximately caused him to suffer permanent and irreparable injury.

33. As a result of the policy, practice and custom employed by the City of Cleveland in authorizing and approving illegal stops, searches and seizures without providing proper training and supervision to police officers, the policy makers and those responsible for hiring, training and supervising law enforcement officials, including police officers in the City of Cleveland, the City of Cleveland acted negligently, reckless, intentionally, willfully, wantonly, knowingly and with deliberate indifference to the legitimate safety needs of the citizens of Cleveland, including Plaintiff, Shase Howse.

34. Defendant City of Cleveland has a policy, practice and custom of failing to adequately investigate and discipline police officers who use excessive force, including detentions, searches, seizures, arrests charges, and indictments.

35. None of the Defendants involved in the use of excessive force, detention, search, seizure, arrest, charge or indictments against Shase Howse were ever investigated or disciplined for their actions.

36. This policy practice and custom of failing to properly investigate or discipline police officers who are involved in the use of excessive force, unlawful detentions, searches, seizures, arrests and prosecution was a motivating factor that resulted in the treatment to which Shase Howse was subjected by Defendants, Doe, Hodous and Middaugh.

37. Defendant City of Cleveland has a policy, practice and custom of permitting the use of excessive force against African Americans including unlawful detentions, searches, seizures, arrests charges, and indictments.

38. This policy practice and custom of permitting the use of excessive force against African American was one of the motivating factor that resulted in the treatment to which Shase Howse was subjected by Defendants Doe, Hodous and Middaugh.

39. Non-African Americans in the City of Cleveland who are subject to the jurisdiction of the Cleveland Division of Police are not subjected to the same practice and custom of using excessive force, unlawful detentions, unreasonable searches and seizures, arrests and indictments as are African Americans

40. The policies, practices and customs as aforesaid have been the subject of federal and state civil rights investigations, previous lawsuits and been well-known with the Cleveland community for many years.

41. On December 4, 2014, the Department of Justice determined that the Cleveland Division of Police had engaged in a "pattern or practice" of using excessive force which was perpetuated by line officers, including these line officers and those responsible for hiring, training and supervising of police officers within the City of Cleveland who have acted negligently, recklessly, intentionally, knowingly and with callous indifference to the serious safety needs of the citizens of Cleveland, including Plaintiff, Shase Howse.

42. On June 12, 2015, the City of Cleveland and the United States Department of Justice entered into a "Consent Decree" which was intended to overhaul policies that have plagued the Cleveland Division of Police and which were intended to eliminate the illegal and unreasonable use of excessive force by members of the Cleveland Division of Police.

43. More than a year after the Consent Decree was signed by the City of Cleveland and the United States Department of Justice and entered as an order of court in the United States District Court, Shase Howse was unlawfully, detained, searched, seized, arrested and criminally indicted in a flagrant attempt to conceal the unlawful use of excessive force by line officers, Defendants, John Doe, Hodous and Middaugh.

44. As a result of all of the foregoing, Shase Howse has suffered permanent damages, including but not limited to grief, depression, severe emotional distress, loss of liberty and attorney fees.

### FIRST CAUSE OF ACTION–EXCESSIVE FORCE

45. Defendants have, under color of law, deprived Shase Howse of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, including the right to be free from unreasonable searches and seizures without reasonable suspicion or probable cause and the right to be free from the use of excessive force and the right to free from malicious prosecution.

### SECOND CAUSE OF ACTION–MALICIOUS PROSECUTION

46. Defendants have, under color of law, deprived Shase Howse of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, including the right to be free from malicious prosecution without reasonable suspicion or probable cause.

## THIRD CAUSE OF ACTION–ASSAULT AND BATTERY

47. Defendants John Doe, Hodous and Middaugh under color of law, intentionally and maliciously applied and threatened to apply unlawful and unnecessary force against Plaintiff Shase Howse and, thereby, deprived Shase Howse of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### JURY DEMAND

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court award:

a. Compensatory damages against all Defendants in an amount to be shown at trail.

b. Punitive damages against the individual Defendants John Doe, Hodous and Middaugh in an amount to be shown at trial.

c. Costs incurred in this action.

d. Reasonable attorney fees pursuant to 42 U.S.C. §1988.

e. Prejudgment interest.

d. Such other and further relief as this Court may deem just and proper.

Respectfully submitted

*/s/ James L. Hardiman*
James L. Hardiman (0031043)
3615 Superior Avenue
Cleveland, Ohio 44114
(216) 431-7811–Business
(216) 431-7644–Facsimile
attyjhard@aol.com

*/s/ Michael L. Nelson*
Michael L. Nelson
55 Public Square–Suite 1o55
Cleveland, Ohio 44113
(216) 432-2510
mnelson@mln-associates.com

## JURY DEMAND

A trial by jury is demanded for the appropriate number of jurors permitted by law.

                                            */s/ James L. Hardiman*
                                            James L. Hardiman

                                            */s/ Michael L. Nelson*
                                            Michael L. Nelson